UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-24813-Civ-COOKE/TORRES

POLYONE CORPORATION, an Ohio
Corporation,

    Plaintiff,

vs.

FLORIDA FLEXIBLE PRINTING PRODUCTS,
INC., MARIO FAJARDO, and DAYLIN
FAJARDO,

    Defendants.
_____

## ORDER STAYING CASE

THIS MATTER is before me on Defendant Florida Flexible Printing Products, Inc's ("Florida Flexible") Motion to Extend Automatic Stay to Defendant Florida Flexible Printing Products, Inc. with Incorporated Memorandum of Law (ECF No. 27).  This motion is fully briefed and ripe for adjudication.  After reviewing Florida Flexible's Motion, the Response and Reply thereto, the record, and relevant legal authorities, Florida Flexible's Motion is granted, and this case shall be stayed.

### I. BACKGROUND

Plaintiff PolyOne Corporation ("PolyOne"), an Ohio corporation registered to conduct business in Florida, provides specialized polymer materials, services, and solutions to its customers.  It sold screen printing ink products to Florida Flex Ink Distributors, Inc. ("FFID"), a Florida corporation that was dissolved on September 24, 2010.  Defendants Mario Fajardo ("Mr. Fajardo") and Daylin Fajardo ("Mrs. Fajardo") (collectively "the Fajardos") are the former owners of FFID.  Plaintiff alleges that they currently own, operate, and manage FFID's alleged successor-in-interest, Defendant Florida Flexible.  Plaintiff also alleges that FFID, through the Fajardos, purchased various screen printing ink products from Plaintiff and subsequently refused to tender payment.

As a result of its nonpayment, Plaintiff instituted a five-count complaint against FFID on July 24, 2009, Case No. 1:09-cv-22192-JAL.  The parties agreed to a settlement in that case

wherein the Fajardos agreed to tender $12,500.00 to Plaintiff, followed by their execution and performance of a promissory note in the amount of $113,362.60 on behalf of FFID, due in installments to Plaintiff over a specified period of time. The Fajardos made two payments under the promissory note on behalf of FFID but failed to make any further payments. Mr. Fajardo then allegedly represented to Plaintiff that he could no longer make the payments because he had sold FFID. He allegedly refused to specify what he had done with the proceeds of the sale. Plaintiff alleges that FFID became Florida Flexible, and that the Fajardos, despite their assertions to the contrary, are in charge of this newly formed company. Plaintiff also alleges that Florida Flexible continues to use the unpaid-for ink products that FFID purchased from Plaintiff. Thereafter, Plaintiff filed the instant suit against the Fajardos for breach of a promissory note and settlement agreement, and against Florida Flexible for fraudulent transfer of assets, namely Plaintiff's product.

On April 8, 2015, the Fajardos filed their Suggestion of Bankruptcy with the Court (ECF No. 25). On April 10, 2015, I entered an Order Staying Case as to Defendants Mario Fajardo and Daylin Fajardo Upon Suggestion of Bankruptcy (ECF No. 26), but indicated that the parties submit briefing regarding whether the automatic stay should extend to non-debtor Defendant Florida Flexible.

## II. DISCUSSION

Under § 362(a) of the Bankruptcy Code, the filing of a Chapter 11 petition in bankruptcy operates as a stay of the proceedings as to the debtor. However, the law makes clear that the automatic stay generally does not extend to third-party non-debtors. *See, e.g.*, *McCartney v. Integra Nat. Bank North*, 106 F.3d 506, 509-10 (3rd Cir. 1997) (explaining that it is "'universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the…debtor'") (quoting *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) (citation omitted)); *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491–93 (9th Cir. 1993) (holding that a stay does not preclude the government from pursuing a deficiency judgment against the non-debtor co-signors of a promissory note); *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992) (refusing to extend a stay to claims against solvent co-defendants), *cert. denied sub nom.*, *Harry and Jeanette Weinberg Foundation, Inc. v. Croyden Assocs.*, 507 U.S. 908 (1993); *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121–22 (4th Cir. 1988) (enforcing default judgment entered against a non-debtor

guarantor of a note during the pendency of the corporate obligor's bankruptcy).

On occasion, federal courts have applied the automatic stay protection to non-debtor third parties based on "unusual circumstances." *See A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986). In *Piccinin*, the Fourth Circuit found that where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor" or where suit against a third-party defendant sought "possession or [ ] control over property of the debtor," a stay may be warranted for the third-party defendant. *See id.* at 999–1002 (relying on both the automatic stay provision and the bankruptcy court's equitable powers under 11 U.S.C. § 105).

In this case, neither party has contested that the stay be extended to include non-debtor Defendant Florida Flexible. Both parties cite to *In re Saunders*, 101 B.R. 303 (Bankr. N.D. Fla. 1989), in support of the position that this case should be stayed as to non-debtor Defendant Florida Flexible pursuant § 362(a)(1) as an "action to recover a claim against the debtor that arose before the commencement of the case." I agree that this case should be stayed as to the non-debtor defendant because the present dispute essentially stems from a prior dispute between Plaintiff and the Fajardos, the debtors, and includes assets allegedly fraudulently transferred by the Fajardos into their alleged new corporation, Florida Flexible.

### III. CONCLUSION

For the reasons stated herein, it is hereby **ORDERED and ADJUDGED** that:

1. Defendant Florida Flexible Printing Products, Inc's Motion to Extend Automatic Stay to Defendant Florida Flexible Printing Products, Inc. with Incorporated Memorandum of Law (ECF No. 27) is **GRANTED**.
2. This case is **STAYED** as against Defendant Florida Flexible Printing Products, Inc.
3. This case shall be **ADMINISTRATIVELY CLOSED** in the interim. All pending motions, if any, are **DENIED** *as moot*.
4. Beginning June 1, 2015, and every sixty (60) days thereafter, Defendants Mario Fajardo, Daylin Fajardo, and Florida Flexible Printing Products, Inc. shall file a joint status report with this Court outlining, in detail, the status of the Fajardo's bankruptcy action. Failure to timely file a status report in compliance with this

      Order may result in sanctions.

5. Either party may petition the Court to lift the stay by filing a motion listing the circumstances that warrant a lifting of the stay.

6. If the bankruptcy court lifts the automatic stay in this matter, the parties must provide this Court with a copy of the order within ten (10) days of its issuance.

**DONE and ORDERED** in chambers at Miami, Florida, this 21st day of May 2015.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*